IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-080-1BO
No. 5:12-CV-312-BO

| | | |
|---|---|---|
| RANDOLPH LEE MCNEILL, ) | | |
| Petitioner, ) | | |
| v. ) | ORDER | |
| ) | | |
| UNITED STATES OF AMERICA ) | | |
| Respondent. ) | | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 79 & 81]. In his motion, petitioner (Mr. McNeill) contends that in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc) and *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) either his conviction for being a felon in possession of a firearm is no longer supported by a predicate offense or petitioner was wrongly classified as an armed career criminal. The government has moved to dismiss Mr. McNeill's Motion to Vacate [DE 84]. This Court GRANTS the government's motion to dismiss and DISMISSES Mr. McNeill's motion to vacate, set aside or correct his sentence.

## BACKGROUND

On March 18, 2009, Mr. McNeill was indicted by a grand jury that charged him with being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1). On September 2, 2009, a jury convicted Mr. McNeill. This conviction was supported by multiple predicate felonies. Mr. McNeill's pre-sentence report included the following prior convictions: felony assault with a deadly weapon (punishable by 2 years' imprisonment), and five separate convictions for felony breaking and entering (each punishable by 10 years' imprisonment). All of

these offenses were disposed of under North Carolina's Fair Sentencing Act, which was repealed in favor of North Carolina's Structured Sentencing Act on October 1, 1994. This Court sentenced petitioner to a term of 180 months' imprisonment.

Petitioner appealed his sentence and alleged that this Court erred by (1) failing to provide the jury with instructions on the affirmative defense of justification, and (2) denying his Rule 29 motions for judgment or acquittal. On March 24, 2011, the Fourth Circuit affirmed petitioner's sentence. On October 3, 2011, the Supreme Court denied petitioner's petition for writ of certiorari. Mr. McNeill filed the instant § 2255 motion on June 4, 2012 and supplied this Court with a proper motion form on June 22, 2012.

## DISCUSSION

Among other things, the government contends that Mr. McNeill's motion fails to state a claim upon which relief might be granted. In his various filings with this court, petitioner argues that as a result of the Fourth Circuit's decision in *Simmons,* and its progeny, he is either not a convicted felon or not subject to sentencing enhancements as an armed career criminal.

However, petitioner was sentenced under North Carolina's Fair Sentencing Act not the Structured Sentencing Act. As such, *Simmons* is inapplicable to this case. Moreover, the petitioner was convicted of not one, but six felonies under the Fair Sentencing Act. The statutory language is clear that petitioner's felony breaking and entering convictions were class H felonies with a presumptive prison term of three (3) years and a statutory maximum of ten (10) years. Under *Carachuri-Rosendo* and *Simmons* petitioner remains a felon and an armed career criminal and, therefore, has failed to state a claim upon which relief might be granted. As such, the government's motion to dismiss is GRANTED.

2

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the governing standard has not been satisfied. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DISMISSED. A certificate of appealability is DENIED..

SO ORDERED, this 27 day of September, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3